United States District Court
Southern District of Texas
**ENTERED**
August 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| D&S MARINE SERVICE, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-03575 |
| § | |
| JAVEN LOTT, § | |
| § | |
| Claimant. § | |

## ORDER

Before the Court are United States Magistrate Christina A. Bryan's Memorandum and Recommendation filed on June 4, 2025 (Doc. #57), Petitioner D&S Marine Management, LLC's ("DMM") Objections (Doc. #59), and Claimant Javen Lott's ("Claimant") Response (Doc. #63). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

DMM asserts three primary objections to the Memorandum and Recommendation, which the Court addresses in turn. First, DMM argues that the Magistrate Judge erred in concluding that Claimant alleged sufficient facts to support his contention that DMM was his Jones Act employer. Doc. #59 at 5–12. However, the Claimant specifically alleges that he "was employed by [DMM] on the M/V BRIANNA ELIZABETH." Doc. #8 at 11. Courts in this district have found similar statements sufficient to allege employment. *See De Bree v. Pac. Drilling Servs., Inc.*, No. CV H-18-4711, 2019 WL 3814995, at *2 (S.D. Tex. July 1, 2019) (finding that plaintiff's allegation that he "was employed by" defendant adequately stated a claim under the Jones Act). Further, to the

extent that DMM challenges the fact that Claimant has sued multiple employers under the Jones Act, that objection is also overruled. "It is possible for a seaman to have more than one Jones Act employer." *Moreau v. Weston Sols., Inc.*, No. CV 17-994, 2017 WL 3167656, at *2–3 (E.D. La. July 26, 2017) (citing *Guidry v. S. Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980)).

Second, DMM contends that the Magistrate Judge erred in not dismissing Claimant's maintenance and cure claim. Doc. #59 at 12–13. Similarly, DMM argues that Claimant failed to adequately allege that he was employed by DMM, a necessary element to bring this claim. *Id.* For the reasons discussed above, the Court finds that Claimant has sufficiently alleged that he was employed by DMM. Accordingly, Plaintiff's second objection is overruled.

Finally, DMM contends that the Magistrate Judge erred in finding that Claimant sufficiently alleged that DMM owned or operated the vessel, thereby stating a plausible unseaworthiness claim against DMM. Doc. #59 at 13–17. The Court finds that Claimant explicitly alleges that he "was employed by [DMM] on the M/V BRIANNA ELIZABETH which was owned, operated and/or managed by [DMM]" and "[a]t all relevant times, [DMM's] vessel was unseaworthy." Doc. #8 at 11–12. Courts in this district have held similar allegations sufficient to survive a motion to dismiss. *See De Bree*, 2019 WL 3814995, at *2. Accordingly, the Court overrules DMM's third and final objection.

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #57) in its entirety. Petitioner D&S Marine Management, LLC's Motion to Dismiss (Doc. #26) is DENIED.

It is so ORDERED.

AUG 2 2 2025
Date

The Honorable Alfred H. Bennett
United States District Judge

2